**Roland G. HAYES, Plaintiff–Appellant,**

v.

**MEMPHIS LIGHT GAS & WATER, Defendant–Appellee.**

No. 01–5121.

United States Court of Appeals, Sixth Circuit.

Oct. 25, 2001.

Before NELSON, DAUGHTREY, and MOORE, Circuit Judges.

*ORDER*

Roland G. Hayes, proceeding through counsel, appeals a district court judgment dismissing his employment discrimination complaint filed pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623(a); Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–2; and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112(a). The parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Hayes filed a complaint against his employer, Memphis Light, Gas, and Water ("MLGW"). Hayes, a forty-two year old African–American, alleged that MLGW discriminated against him based upon his age, race, and disability. Hayes's allegations arose from MLGW's rejection of his bid for several open positions within the company. One of the requirements for each of the posted positions was successful completion of an electrical utility construction program. During the 1998–1999 academic year, Hayes enrolled in an electrical utility construction program offered by the State Technical Institute at Memphis, which is now the Southwest Tennessee Community College. However, Hayes did not successfully complete the electrical utility construction program because he did not receive a passing grade in two required courses.

Hayes was not selected to fill any of the open positions because he had not successfully completed an electrical utility construction program. Hayes alleged, however, that his bid for each of the positions was rejected because of his age. In addition, Hayes alleged that he received a negative safety evaluation in retaliation for his complaints of age discrimination.

MLGW filed a motion for summary judgment, to which Hayes responded. The district court granted MLGW's motion and dismissed Hayes's case. Hayes has filed a timely appeal. The parties have waived oral argument.

We review the district court's grant of summary judgment de novo. *Kincaid v. Gibson,* 236 F.3d 342, 346 (6th Cir.2001). Summary judgment is appropriate when the evidence presented shows " 'that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' " *Id.* (quoting Fed.R.Civ.P. 56(c)).

Upon review, we conclude that the district court properly granted summary judgment in favor of MLGW for the reasons set forth in the order granting the defendant's motion for summary judgment entered on December 22, 2000. Hayes established neither a prima facie case of age discrimination, *see Godfredson v. Hess & Clark, Inc.,* 173 F.3d 365, 371 (6th Cir. 1999); *Manzer v. Diamond Shamrock Chems. Co.,* 29 F.3d 1078, 1081 (6th Cir. 1994), nor a prima facie case of retaliation. *Hafford v. Seidner,* 183 F.3d 506, 515 (6th Cir.1999). Because Hayes does not challenge the district court's dismissal of his race and disability discrimination claims, those claims are considered abandoned and not reviewable on appeal. *Boyd v. Ford Motor Co.,* 948 F.2d 283, 284 (6th Cir.1991).

Accordingly, the district court's judgment is affirmed.